UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ANTHONY ZIOMBER,

    Plaintiff,

v.                                                        Case No. 05-CV-72503-DT

BINDER & BINDER, P.C.,

    Defendant.
                                              /

**ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

On June 23, 2005, Plaintiff Michael Anthony Ziomber filed the instant action, alleging the existence of subject matter jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction). In his *pro se* Complaint, Plaintiff asserts a breach of contract/legal malpractice claim against Defendant Binder & Binder, P.C., and seeks damages in the amount of $1,063,377. Because Plaintiff's complaint appeared to be a reiteration of a complaint that this court has already dismissed for lack of subject matter jurisdiction, the court ordered Plaintiff to show cause why this case should not be dismissed. (*See* 8/19/05 Order to Show Cause.) Plaintiff responded on September 2, 2005. Having reviewed Plaintiff's response, the court concludes that the case must be dismissed.

**I. BACKGROUND**

In case number 04-71000, Plaintiff pursued an action against Defendant on the same underlying allegations that he now asserts in this action. Specifically, Plaintiff alleged that he entered into a contract with Defendant Binder & Binder, P.C., in which Defendant was retained to represent Plaintiff in connection with his claim for social

security disability benefits. (Case No. 04-71000, Compl. at 1.) Plaintiff alleged that Defendant was negligent in the handling of his benefits claim. (*Id.* at 1-2.) In various pleadings filed with the court, Plaintiff alleged that after Defendant "resigned" from the case in 2003, Plaintiff discovered that Defendant had breached a fiduciary duty to Plaintiff. (Case No. 04-71000, 11/09/04 "Motion to Quash" at 1-2.) Plaintiff also alleged that Defendant represented him from April 1992 to June 2003, and during that time Defendant made repeated errors as Plaintiff's attorney. (*See* Case No. 04-71000, 8/27/04 Response at 2.) Plaintiff's primary example of Defendant's alleged malpractice was a purported nine-month delay in the establishment of Defendant's insured status which Plaintiff claims was caused by Defendant's actions. (*Id.* at 2-3)

On January 4, 2005, this court dismissed the complaint for lack of subject matter jurisdiction, because the court determined that the amount in controversy was less than $75,000.[1] (*See* Case No. 04-71000, 1/04/05 "Order Granting Defendant's 'Motion for Summary Judgment.'") The court found that, viewing the facts in a light most favorable to Plaintiff, Plaintiff could not establish to a legal certainty the requisite jurisdictional amount of damages. (*Id.* at 8.) The court found that if Plaintiff were to prove his case, he would only be entitled to damages for lost benefits for, at most, sixty-three months, amounting to only $56,700.00. (*Id.* at 8.) Plaintiff subsequently filed a "Motion to Alter or Amend Judgment . . .," which was denied on April 8, 2005.

The instant complaint appears to be substantively identical to the one this court dismissed on January 4, 2005. Plaintiff alleges that he entered into a contract with

---

[1] Under 28 U.S.C. § 1332(a), the two requirements for diversity jurisdiction are (1) that the matter in controversy exceed $75,000.00, and (2) that complete diversity exist between the disputing parties.

2

Defendant Binder & Binder, P.C., in which Defendant was retained to represent Plaintiff connection with his claim for social security disability benefits. (Case No. 05-72503, Compl. at ¶ 1.) Plaintiff further alleges that Defendant breached this contract, as well as its fiduciary duties, when it "resigned" from the case in 2003. (*Id.* at 2.) Defendant claims that this breach caused him to lose his claim for disability benefits, asserted in the United States District Court for the Eastern District of Michigan in case number 03-73148. (9/2/05 Resp. at 2-3.)[2] Plaintiff also relies on his earlier allegation that Defendant's numerous breaches resulted in a nine-month delay of insured status. (*See* Compl. at 4.) In the instant case, Plaintiff seeks compensatory damages in excess of one million dollars for Defendant's actions. (*Id.* at 5.)

## II.  DISCUSSION

Having reviewed the relevant pleadings, the court finds that Plaintiff's current complaint asserts the same allegations as the those asserted in the previously dismissed action, and therefore must dismiss under the doctrine of *res judicata*. "Although the dismissal of a complaint for lack of jurisdiction does not adjudicate the merit so as to make the case *res judicata* on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims." *See Boone v. Kurtz,* 617 F.2d 435, 435 (5th Cir. 1980); *Shaw v. Merritt-Chapman & Scott Corp.* 554 F.2d 786, 789 (6th Cir. 1977) ("That is, while a dismissal for lack of jurisdiction does not constitute an adjudication upon the merits, it does constitute a binding determination on the

---

[2] The Honorable Bernard A. Friedman denied Plaintiff's claim for benefits in an "Opinion and Order" dated January 18, 2005.

3

jurisdictional question, which is not subject to collateral attack."). Because Plaintiff is asserting essentially the same claim against Defendant, the court must dismiss this case.

Although Plaintiff has attempted to recast his allegations as a breach of contract claim, in essence he seeks damages for Defendant's alleged malpractice resulting from the legal services Defendant performed from 1992 to 2003. Plaintiff argues that the instant lawsuit asserts a different claim than that which he previously asserted because his complaint includes the argument that Defendant breached its fiduciary and contractual duties when it withdrew its representation in 2003. (*See* 9/2/05 Response.) The court finds that this additional allegation is not a new cause of action, but a new theory on which his cause of action rests. The court finds that this additional allegation, mixed in with Plaintiff's previous allegations is insufficient to form the basis of a new lawsuit.

First, this allegation could have been included in the original lawsuit, which asserted claims for malpractice and breach of duty. Plaintiff certainly knew of Defendant's 2003 withdrawal when he filed the first lawsuit in 2004, and was thus required to include his allegations in relation to this specific example of alleged malpractice. Even if Plaintiff's theory could be considered a new "claim" he was still required to bring the claim in the first lawsuit under the general rule against claim-splitting. *Hutcherson v. Lauderdale County, Tennessee,* 326 F.3d 747, 758 (6th Cir. 2003) (citing Restatement (Second) of Judgments § 26 (1982) (precluding claim-splitting "unless 'the parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein'").

4

Second, even if Plaintiff was not required to include his new allegation in his previous lawsuit, the court has already determined that damages for any breach of Defendant's duties are less than the jurisdictional amount.  The rule of law requiring dismissal of this case is based on principles of collateral estoppel.  "Under the doctrine of collateral estoppel, an issue actually and necessarily decided by a court of competent jurisdiction is conclusive in subsequent lawsuits based upon a different cause of action involving a party to the prior litigation." *Juhasz v. Secretary, Dept. of Treasury*, 38 Fed. Appx. 307, 308 (6th Cir. 2002) (citing *Montana v. United States,* 440 U.S. 147 153-154 (1979), *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n.5 (1979)).  Contrary to Plaintiff's argument, if Plaintiff were to prove that Defendant's alleged withdrawal resulted in Plaintiff losing his claim for benefits in the case before Chief Judge Friedman, Plaintiff would still only be entitled to damages for the period of lost benefits between the time of his alleged disability and the date on which he began receiving benefits.  (*See* Case No. 03-73148, Opinion and Order at 2, n.1.)  This court has already ruled on this issue, finding that Plaintiff had not established to a legal certainty that damages for this period would reach the requisite jurisdictional amount.  (*See* Case No. 04-71000, Order at 8); *see also Wood v. Stark Tri-County Building Trades Council*, 473 F.2d 272, 273 (6th Cir. 1973) ("If the plaintiff's claim is in good faith for an amount higher than the jurisdictional amount, then jurisdiction exists in the federal court *unless it appears to a legal certainty that more than the jurisdictional amount could not be recovered by the plaintiff*.") (emphasis added).

If the court's January 4, 2005 decision had been in error, the appropriate remedy would have been to file an appeal or a motion for reconsideration, rather than to bring a

5

claim on essentially the same basis in this action.  *See Shaw*, 554 F.2d at 789 ("Whether or not this conclusion was erroneous, having failed to perfect an appeal, appellants were bound by this decision and are precluded from bringing a subsequent suit, *asserting essentially the same claims*, citing the same jurisdictional basis.") (emphasis added).  Because this court has already determined the lack of subject matter jurisdiction over Plaintiff's claims, the court must dismiss the instant action.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that this case is DISMISSED for lack of subject matter jurisdiction.

    S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  October 31, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 31, 2005, by electronic and/or ordinary mail.

    S/Lisa G. Wagner  
    Case Manager and Deputy Clerk  
(313) 234-5522